**A. M. and Antoinette B. JACOB, Appellants,**

**v.**

**Charles A. DONNELLY, formerly Collector of Internal Revenue at New Orleans, Appellee.**

**No. 22660.**

United States Court of Appeals Fifth Circuit.

March 20, 1967.

gains rates. To succeed in this contention, taxpayer has the burden to establish that the distribution was paid "on account of the employee's separation from the service" of his employer. Section 165 (b), Internal Revenue Code of 1939, 26 U.S.C. Sec. 165(b) (1952 ed.). The district court sitting without a jury found as a fact that the distribution was paid by reason of a ruling by the Commissioner that the pension plan no longer qualified for exemption and not by reason of the employee's separation from the service; accordingly, taxpayer's claim for refund was denied. 218 F.Supp. 845 (E.D. La.1963). After a careful review of the record, we are convinced such a finding is not clearly erroneous. Fed.R.Civ.P. 52(a). The judgment is affirmed.

·Gibson Tucker, Jr., and Tucker & Schonekas, New Orleans, La., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., New Orleans, La., David O. Walter, Solomon Warhaftig, Donald Williamson, Attys., Dept. of Justice, Washington, D. C., Walter F. Gemeinhardt, Asst. U. S. Atty., of counsel, for appellee.

Before HUTCHESON, BELL and GODBOLD, Circuit Judges.

PER CURIAM:

Taxpayer contends that a distribution received by him January 1, 1950, from an employees' pension trust fund should be taxed at long term capital